## G. E. FRISCO, Etc. *v.* AETNA INSURANCE COMPANY OF HARTFORD, CONNECTICUT, et al.

[No. 382, September Term, 1963.]

*Decided July 3, 1964.*

The cause was argued before HENDERSON, PRESCOTT, HOR-NEY and SYBERT, JJ., and KEATING, J., Associate Judge of the Second Judicial Circuit, specially assigned.

*Kenneth E. Pruden,* with whom was *George T. Burroughs* on the brief, for appellant.

*Joseph M. Roulhac,* with whom were *William B. Somerville, Clater W. Smith, Jr., Smith, Somerville & Case, Hal C. B. Clagett* and *Sasscer, Clagett & Powers* on the brief, for appellees.

SYBERT, J., delivered the opinion of the Court.

In the summer of 1960 J. G. Venneri and Son, Inc. (Venneri), entered into two contracts with the Washington Suburban Sanitary Commission to construct certain sewers in Prince George's and Montgomery Counties. As required by Code (Cum. Supp. 1963), Art. 90, sec. 11, Venneri furnished the Commission with two bonds to secure payment for the labor and materials used. The appellee, Aetna Insurance Company of Hartford, Connecticut, was the surety on these bonds. During the course of the construction of the sewers the appellant, G. E. Frisco, trading as G. E. Frisco & Co., sold and delivered lumber for the jobs to Venneri and billed it in the total amount of $2,779.91.

The work under the two contracts was finally accepted by the Commission on May 31, 1961, and on June 15, 1961. However, several of Venneri's subcontractors and materialmen were not paid. Thereafter, Aetna, as surety on the bonds, paid the creditors of Venneri who made timely claims. To indemnify Aetna, Venneri gave it a chattel mortgage on certain equipment in September, 1962, which was after the expiration of the one year limitation period within which suits on the bonds could be filed under Art. 90, sec. 11(d), *infra.* To enable Venneri to make payments under the chattel mortgage, Aetna consented to a lease of the equipment, with an option to purchase, to another construction company. Venneri then assigned to Aetna the lease and the rents to be received thereunder. Thereafter Venneri ceased to do business. However, no receiver or trustee has ever been appointed. Whether Venneri retained any other assets was subject to dispute, Aetna contending that certain automobiles and office equipment were still held by the corporation.

Although Frisco asserted his claim as early as January or February, 1962, he did not file suit for the value of the lumber until May 6, 1963. The basis of the suit, which was against Aetna alone, was twofold. In addition to the common counts, the declaration contained a special count alleging liability on the part of Aetna both as surety on Venneri's bond to the Commission, and as the successor and assignee of Venneri by reason of "having taken over all equipment and assets" of that company. Aetna filed two pleas, the first asserting that suit on the bonds was barred by the limitations provision of Art. 90, sec. 11(d), and the second denying that it was the successor and assignee of Venneri and that it had taken over the equipment and assets of Venneri as alleged. The case was tried by the court without a jury. At the conclusion of Frisco's case, the trial judge granted Aetna's motion for a directed verdict, holding that Frisco had failed to bring his suit within one year after final completion of the contract as required by Art. 90, sec. 11(d), and that he had failed to prove that Aetna was the successor and assignee of Venneri. Frisco appeals from the judgment for costs entered in favor of Aetna.

Code (Cum. Supp. 1963), Art. 90, sec. 11, requires all persons to whom any contract exceeding $5,000.00 in amount is awarded for any public work to post a performance bond and a payment bond, the latter of which is stated to be for the protection of all persons supplying labor and materials to the contractor or his subcontractor. Subsection (d) of sec. 11 provides in part that no suit upon such bonds "shall be commenced after the term of one year after the date of final acceptance of the work performed under the contract." It is manifest, therefore, that Frisco's suit against Aetna as surety on the bonds is barred by the limitation provision of sec. 11(d) since it was filed more than one year from the date of final acceptance of Venneri's work under his contracts with the Commission. Frisco did not seriously argue this aspect of the case, virtually conceding that he has no suit on the bonds. Cf. *Bal. Co. Dep't v. Henry A. Knott,* 234 Md. 417, 199 A. 2d 369 (1964).

Frisco's main contention is that the evidence showed that Aetna became the "successor and assign" of the Venneri corporation because the latter transferred "all or substantially all

of its property and assets" to Aetna, under the indemnity provision contained in the applications for the payment bonds given on the sewer jobs, and that therefore Aetna assumed Venneri's debts and obligations as a matter of law, pursuant to Code (1957), Art. 23 (Corporations), sec. 72(2). Frisco also argues that Venneri was insolvent when it gave Aetna the chattel mortgage and the assignment of the lease of the mortgaged equipment and the rent thereunder, and that thus, in effect, it gave Aetna a preference over other creditors which was void under Code (1957 and 1963 Cum. Supp.), Art. 47 (Insolvents), since Aetna is not within those classes of creditors which are entitled to a preference in the distribution of an insolvent's assets. See Art. 47, secs. 15-17.

Leaving aside the question whether or not Frisco established, as a matter of fact, that there had been a transfer of all or substantially all of Venneri's assets to Aetna, we do not believe that Frisco's position is well taken. For, even if we assume, without deciding, that Art. 23, sec. 72(2) was applicable to the kind of transfer made by Venneri to Aetna, we do not think that Frisco is aided by its provisions. Section 72 prescribes the effect of a sale, lease, exchange or other transfer of all or substantially all of the property and assets of a corporation. Subsection (2) thereof provides as follows:

"(2) The debts and obligations of the transferor shall be assumed by the transferee to the extent, if any, provided in the articles [of transfer] ; but regardless of the terms of the articles, no such sale, lease, exchange or transfer shall impair the rights of any creditor of the transferor, including any rights under the Sales in Bulk Act."

The chattel mortgage and the assignment of the lease and rent would be equivalent to the "articles of transfer" in the situation before us, and those instruments were silent as to the assumption by the transferee of any debts or obligations of the transferor. This being so, Frisco must act under the second clause of sec. 72(2) for the protection of any rights which he might have in connection with the transfer to Aetna. That clause does not establish an assumption by the transferee of

the transferor's debts by operation of law, but does provide that no sale, lease, exchange or transfer [of all or substantially all the property and assets of a corporation] *shall impair the rights* of any creditor of the transferor, including any rights under the Sales in Bulk Act.

Frisco may have had rights which he could have asserted in attacks upon the validity of the transfer from Venneri to Aetna, but he did not assert such rights within the time required by law.

Frisco might have proceeded under the Insolvent Law to attack the transfer as a preference void as to other creditors (provided he could have proved that the Venneri corporation was insolvent, as he now claims it was), but such action must have been taken within four months after the creation of the preference. Code (1957), Art. 47, sec. 14, provides:

> "No deed or conveyance executed * * * by any person being insolvent * * * shall be lawful or valid if the same shall contain any preference * * * provided, the grantor or party creating said lien or preference shall be proceeded against under § 25 of this article [petition by creditors for adjudication of insolvency and appointment of trustee], or shall apply for the benefit of this article under § 1 [petition by insolvent for appointment of trustee for benefit of creditors] within four months after the recording of the deed or conveyance or the creation of said lien or preference, and shall be declared or shall become, under the provisions of this article, an insolvent * * *."

In the instant case there is no evidence that Venneri has filed a voluntary petition for the appointment of a trustee for the benefit of creditors, that creditors have petitioned for an adjudication of insolvency and appointment of a trustee, or that Venneri has ever been declared an insolvent. As this Court said in the early case of *Castleberg v. Wheeler*, 68 Md. 266, 276, 12 Atl. 3 (1888), in discussing what is now Art. 47, sec. 14: "Of course, such conveyances and transfers as are here provided against, if in all other respects valid, are perfectly good, if the debtor be not proceeded against, or he does not

become an applicant, under the insolvent law, within the time prescribed, and is not declared an insolvent." See also *Syester v. Brewer,* 27 Md. 288, 317 (1867); cf. *Industrial Service v. Rogers,* 163 Md. 656, 163 Atl. 877 (1933). Thus even if we were to assume that the conveyances herein involved constituted a preference, they were not void or unlawful under Art. 47, sec. 14, and therefore must stand as valid.

Likewise, even if we were to assume, without deciding, that the Sales in Bulk Act (Code (1957), Art. 83, secs. 97-101)[1] was applicable to the transaction involved here, as a sale of "goods, wares or merchandise" in bulk, the record before us does not disclose that either the appellant or any other creditor took action to assert any rights thereunder within the time limited by the Act. Section 98 of Art. 83 provided that "no proceeding at law or equity shall be brought against the purchaser to invalidate any such sale after the expiration of ninety (90) days from the consummation thereof." In any event, the appellant does not here contend that the Sales in Bulk Act was applicable to the transfer to Aetna, or that he had any rights thereunder which were impaired by the transfer.

When Aetna, as surety, made payment to the creditors of Venneri, the principal on the payment bonds, it was entitled to be reimbursed by Venneri. *Trust Co. v. Fid. & Dep. Co.,* 144 Md. 117, 127, 123 Atl. 187 (1923). Thus the transfer to Aetna was valid, unless subjected to appropriate attack, *Castleberg v. Wheeler, supra,* if applicable. Since the appellant has not pursued any action resulting in the setting aside of the transfer, we cannot find that his rights have been impaired within the meaning of Art. 23, sec. 72(2), *supra.* Hence, the judgment must be affirmed.

*Judgment affirmed; appellant to pay the costs.*

---

**1.** The Sales in Bulk Act was repealed by Laws of 1963, ch. 538, effective Feb. 1, 1964, which enacted the Uniform Commercial Code (codified as Code (1963 Cum. Supp.), Art. 95B, secs. 1-101 to 10-104; see secs. 6-101 to 6-111, under the subtitle "Bulk Transfers", with particular reference to secs. 6-102 and 6-103).